IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEWYANE L. CAROLINE,

    Petitioner,                   No. 2:12-cv-3002 EFB P

    vs.

J. MCDONALD,

    Respondent.               ORDER

_____/

       Petitioner is a state prisoner without counsel seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted in the Sacramento County Superior Court of first-degree robbery, and was sentenced to a 6-year term of imprisonment. Dckt. No. 1 at 2. Petitioner claims that the California Department of Correction erred in calculating his release date. *Id*. at 4. Petition contends that he should be released on October 22, 2012, but that his release date has been incorrectly set for November 22, 2013. *Id*.

       The court has reviewed the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases, and for the reasons explained below, it appears that petitioner has failed to exhaust the available state remedies with respect to his claim. Therefore, he must demonstrate good cause for this failure or obtain consent from the respondent to proceed despite his failure to exhaust.

////

A district court may not grant a petition for a writ of habeas corpus unless "the applicant has exhausted the remedies available in the courts of the State," or unless there is no State corrective process or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by presenting the "substance of his federal habeas corpus claim" to the state courts. *Picard v. Connor*, 404 U.S. 270, 278 (1971) (no exhaustion where the petitioner presented operative facts but not legal theory to state courts); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995) (to exhaust a claim, a state court "must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution"). Unless the respondent specifically consents to the court entertaining unexhausted claims, a petition containing such claims must be dismissed. *See* 28 U.S.C. § 2254(b)(3); *Picard*, 404 U.S. at 275. A claim is unexhausted if any state remedy is available. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999) (petitioner must seek discretionary review from state court of last resort); *Roberts v. Arave*, 874 F.2d 528, 529 (9th Cir. 1988) (no exhaustion where state supreme court referred petitioner's appeal of trial court's denial of post-conviction relief to lower appellate court and petitioner failed to appeal lower court's disposition of that appeal to state supreme court). For a California prisoner to exhaust, he must present his claims to the California Supreme Court on appeal in a petition for review or on post-conviction in a petition for a writ of habeas corpus. *See Carey v. Saffold*, 536 U.S. 223, 239-40 (2002) (describing California's habeas corpus procedure); *Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999) (to exhaust, prisoner must present claims on appeal to California Supreme Court in a petition for review).

There is no indication on the habeas form that petitioner challenged the prison disciplinary decision in state court. He indicates that he did not seek review in the California Supreme Court, nor did he file a habeas petition in the California Supreme Court. *See* Dckt. No. 1 at 4. Further, there is no allegation that state court remedies are no longer available to petitioner. In order to proceed, petitioner must show cause for this failure or obtain from the

1  respondent an express waiver of the exhaustion requirement.

2       Accordingly, it is ORDERED that within thirty days from this order, petitioner shall
3  show cause for his failure to exhaust state remedies with respect to the claim contained in his
4  September 26, 2012 petition or obtain from the respondent an express waiver of the exhaustion
5  requirement.  Petitioner's failure to comply with this order will result in dismissal of this action
6  for failure to exhaust state remedies.

7  Dated:  January 30, 2013.

                        EDMUND F. BRENNAN
                        UNITED STATES MAGISTRATE JUDGE