IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEWYANE L. CAROLINE,

    Petitioner,                  No. 2:12-cv-3002 EFB P

    vs.

J. MCDONALD,

    Respondent.          ORDER

_____/

    Petitioner is a state prisoner without counsel seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to petitioner's consent. *See* 28 U.S.C. § 636; *see also* E.D. Cal. Local Rules, Appx. A, at (k)(4).

    Petitioner was convicted in the Sacramento County Superior Court of first-degree robbery, and was sentenced to a 6-year term of imprisonment. Dckt. No. 1 at 2. Petitioner claims that the California Department of Correction erred in calculating his release date. *Id*. at 4. Petitioner contends that he should be released on October 22, 2012, but that his release date has been incorrectly set for November 22, 2013. *Id*.

    On January 30, 2013, the court reviewed the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases, and explained that it appears from the face of the petition that

petitioner has failed to exhaust the available state remedies with respect to his claim. Dckt. No. 12. The court thus ordered petitioner within thirty days to demonstrate good cause for this failure or to obtain consent from the respondent to proceed despite his failure to exhaust. *Id*. Petitioner has neither demonstrated good cause for his failure nor obtained consent from respondent. The petition must therefore be dismissed.

A district court may not grant a petition for a writ of habeas corpus unless "the applicant has exhausted the remedies available in the courts of the State," or unless there is no State corrective process or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by presenting the "substance of his federal habeas corpus claim" to the state courts. *Picard v. Connor*, 404 U.S. 270, 278 (1971) (no exhaustion where the petitioner presented operative facts but not legal theory to state courts); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995) (to exhaust a claim, a state court "must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution"). Unless the respondent specifically consents to the court entertaining unexhausted claims, a petition containing such claims must be dismissed. *See* 28 U.S.C. § 2254(b)(3); *Picard*, 404 U.S. at 275. A claim is unexhausted if any state remedy is available. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999) (petitioner must seek discretionary review from state court of last resort); *Roberts v. Arave*, 874 F.2d 528, 529 (9th Cir. 1988) (no exhaustion where state supreme court referred petitioner's appeal of trial court's denial of post-conviction relief to lower appellate court and petitioner failed to appeal lower court's disposition of that appeal to state supreme court). For a California prisoner to exhaust, he must present his claims to the California Supreme Court on appeal in a petition for review or on post-conviction in a petition for a writ of habeas corpus. *See Carey v. Saffold*, 536 U.S. 223, 239-40 (2002) (describing California's habeas corpus procedure); *Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999) (to exhaust, prisoner must present claims on appeal to California Supreme Court in a petition for review). The petitioner bears the burden of

1 demonstrating that he has exhausted state remedies. *Cartwright v. Cupp*, 650 F.2d 1103, 1104
2 (9th Cir. 1981).

3     As explained in this court's January 30, 2013 order, petitioner indicates that he did not
4 seek review in the California Supreme Court, nor did he file a habeas petition in the California
5 Supreme Court. *See* Dckt. No. 1 at 4. Furthermore, petitioner has not demonstrated good cause
6 for his failure to exhaust, nor has he obtained respondent's consent to proceed on his
7 unexhausted claims. As petitioner has failed to demonstrate that he exhausted his claims, the
8 petition must be dismissed.

9     Accordingly, it is ORDERED that:

10     1. The petition for writ of habeas corpus is dismissed without prejudice;

11     2. The Clerk is directed to close the case; and

12     3. The court declines to issue a certificate of appealability.

13 DATED: May 7, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE